**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:04CV00346 |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **BOBBY BARNHART, et al.** | : | PLAINTIFFS |
| | : | |
| v. | : | |
| | : | |
| **WYETH, INC., et al.** | : | DEFENDANTS |

**ORDER**

Plaintiffs Carol Perry's and Richard Perry's Motion to Sever (Doc. No. 36) is GRANTED. Plaintiffs John Nutt's and Kathryn Nutt's Motion to Sever (Doc. No. 35) is MOOT, since they are the only Plaintiffs remaining in this case.[1]

Under Rule 21 of the Federal Rules of Civil Procedure, Ms. Carol Perry and Mr. Richard Perry are DROPPED from this civil action as follows:

(1) dropped plaintiffs have 30 days from the date of this Order to file new, individual[2] complaints in a proper venue. The complaints should be served in accordance with the Rules of Civil Procedure;

(2) it seems to me that it would be meet and proper if counsel for the respective parties would meet and confer[3] regarding the court in which these cases might be refiled. This observation is, of course, hortatory vice mandatory.

---

[1] Ms. Kathryn Nutt and Mr. John Nutt will remain in the original lawsuit, but must amend the complaint in accordance with this Order.

[2] An exception to this Order is that a plaintiff and her spouse and children (or any other associated derivative claimant) need not be severed from each other.

[3] By telephone if not in the flesh.

1

(3) without further order of the Court, claims of dropped plaintiffs who do not file new civil actions within the 30 day period will be considered dismissed without prejudice;

(4) dropped plaintiffs are deemed to have ongoing MDL No. 1507 actions in this Court for all purposes during the time period between the date of this Order and the filing of their new complaint in the appropriate venue, or after the passage of the 30 day period -- whichever is first;

(5) for the application of statutes of limitations, laches, or other time bar laws, the filing date of a newly filed action pursuant to this Order will be deemed to relate back to the date that the dropped plaintiff originally filed her complaint -- insofar as the new complaint alleges only the claims alleged in the original complaint and joins only the defendants named (or fewer) in the original complaint or the successors of such original defendants;

(6) within 40 days of the date of this Order, the remaining plaintiff must cure her complaint;

(7) counsel is reminded of their obligations under MDL Panel Rule 7.5(e) and directed to promptly notify the MDL Panel of the new case number designated to the case in the receiving district.

The Clerk of the Court is directed to send a contemporaneous copy of this order to the MDL panel to allow, to the extent possible, fast-tracking of § 1407 transfers of these cases back to MDL-1507 for coordinated and consolidated pretrial proceedings.

IT IS SO ORDERED this 4th day of October, 2007

/s/ Wm. R.Wilson, Jr.
UNITED STATES DISTRICT JUDGE